UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODERICOL A. MURPHY,

          Petitioner,                       Case Number: 06-11118

v.                                                HONORABLE AVERN COHN

CATHERINE S. BAUMAN,

          Respondent.
_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILIY**
**AND DISMISSING CASE**

I.

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Rodericol A. Murphy Petitioner (Petitioner), a state prisoner convicted of four counts of armed robbery, one count of carrying a concealed weapon, one count of possession of a firearm during the commission of a felony, and one count of felon in possession of a firearm claims he is incarcerated in violation of his constitutional rights.  Petitioner was sentenced as a habitual offender to 216-230 months on the robbery convictions, 24-90 months on the concealed weapons and felon in possession convictions, and a mandatory consecutive terms of 2 years for the felony-firearm conviction.  The matter has been referred to a magistrate judge for a report and recommendation (MJRR).

On June 3, 2010, the magistrate judge issued a MJRR recommending that the petition be denied for lack of merit. Before the Court are Petitioner's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

II.

Petitioner was convicted of the above offenses following a jury trial. The MJRR accurately sets forth the background facts leading to Petitioner's conviction which will not be repeated here. *See* MJRR at p. 6-9.

As to the procedural history, Petitioner's conviction was affirmed on direct appeal. *People v. Murphy,* No. 251975 (Mich. Ct. App. Apr. 28, 2005); *lv. den.* 474 Mich. 906 (2005).

On March 15, 2006, Petitioner filed a petition, raising the same claims presented on direct appeal concerning (1) prosecutorial misconduct, and (2) ineffective assistance of counsel. Petitioner later supplemented the petition to add claims of (1) the cumulative effect of the prosecutor's conduct deprived him of a fair trial, and (2) a jury instruction claim regarding a witnesses' testimony. The magistrate judge issued a MJRR recommending that the petition be denied. Following issuance of the MJRR, Petitioner filed objections and a motion to hold the petition in abeyance so he could return to state court to present additional claims. The Court granted Petitioner's motion and stayed the case pending Petitioner's exhaustion of his claims. *See* Order filed July 11, 2007 (Doc. No. 34).

Petitioner returned to state court and filed a motion under M.C.R. 6.500 raising

the following claims: (1) Petitioner was held in custody but was never advised of his Miranda rights, (2) improper witness identification testimony deprived him of his due process right, (3) witness testimony was never presented at trial or on appeal and witnesses exculpatory affidavits were never introduced, thereby denying Petitioner a fair trial, (4) numerous inconsistencies exist in the record which were not explored and deprived Petitioner of his right to present a defense, and (5) Petitioner was denied the right to effective assistance of trial and appellate counsel. The trial court denied Petitioner's motion. Both the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal, citing M.C.R. 6.508(D). *People v. Murphy*, No. 284698 (Mich. Ct. App. Aug. 15, 2008), *People v. Murphy*, 483 Mich. 913 (2009).

Petitioner returned to the Court and filed a supplemental petition, raising all of the claims presented to the state courts, for a total of nine claims. Respondent filed a response, contending that the claims Petitioner raised on direct appeal lack merit and his claims raised on collateral review are procedurally defaulted.

As noted above, the magistrate judge recommends that the petition be denied because all of Petitioner's claims lack merit. Petitioner objects.

### III.

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. *Id.* The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life

tenure." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

IV.

Petitioner makes numerous objections to the MJRR. The objections are raised in seven separate sections and run several pages. The Court has carefully reviewed the objections in light of the MJRR. The magistrate judge addressed all of Petitioner's claims on the merits and fully explained why Petitioner is not entitled to relief on any of his claims. Nothing in Petitioner's objections, which are essentially a repeat of the arguments presented and rejected by the magistrate judge, convince the Court that the magistrate judge's analysis is incorrect. In short, the Court agrees with the magistrate judge that habeas relief is not warranted.

V.

The magistrate judge also recommends that a certificate of appealability be denied.[1] The Court agrees. Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). As such, Petitioner is not entitled to a certificate of appealability.

---

[1]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

4

VI.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED. A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

I hereby certify that a copy of the foregoing document was mailed to Rodericol Murphy 287367 Alger Maximum Correctional facility P.O. Box 600 Munising, MI 49862 and the attorneys of record on this date, July 15, 2010, by electronic and/or ordinary mail.

S/Michael Williams
Relief Case Manager, (313) 234-5160